**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Sundby, | No. CV-19-00107-TUC-RCC (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Susan Johnson, et al., | |
| Defendants. | |

On January 30, 2020, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") in which he recommended the Court grant Defendant Susan Johnson's Motion to Dismiss because Plaintiff had not demonstrated that the Court can exercise jurisdiction over Defendant. (Doc. 32) The Magistrate Judge further recommended that the Court deny Plaintiff's Motion to File Second Amended Complaint and decline to transfer this matter to another venue. *Id.* Judge Macdonald notified the parties they had fourteen (14) days from the date of the R&R to file objections. *Id.* Plaintiff filed his objection to the R&R on February 12, 2020. (Doc. 33.) Defendant did not file a response by February 27, 2020. (Doc. 34.) For the reasons stated below, the Court adopts the Magistrate Judge's R&R, and dismisses this matter in its entirety.

## I.   MAGISTRATE'S R&R STANDARD OF REVIEW

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any

other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## II. FACTUAL BACKGROUND

Plaintiff does not object to the factual summary of the case, but merely argues that the Magistrate Judge misapplied the law for jurisdiction and mischaracterized declarations pertaining to venue. (Doc. 33 at 1.) With no objection, the Court adopts the Magistrate Judge's recitation of facts, as stated below:

> Plaintiff Dale Sundby, an Arizona resident, filed this cause of action against Susan Johnson[,] . . . resident[] of Florida. During the summer and fall of 2015, Mrs. Johnson and her late husband rented a guest house on Mr. Sundby's property in La Jolla, California. Mrs. Johnson's husband passed away in December 2016. In July 2018, Mrs. Johnson met with Plaintiff and expressed concern and frustration with the administration of her late husband's estate. Over the next weeks, Plaintiff and Mrs. Johnson corresponded regarding the estate. On August 24, 2018, Plaintiff proposed formalizing a contingent-fee agreement "for the time, effort and impact of [his] past and future involvement." Plaintiff and Mrs. Johnson's correspondence regarding the settlement of Mr. Johnson's estate, which included negotiations between Mr. Matwiczyk, who was Mrs. Johnson's lawyer at the time, and the lawyers for the estate executor, continued through December 2018.

> On January 12, 2019, Mrs. Johnson e-mailed Plaintiff indicating that a settlement regarding the estate was pending. Plaintiff continued to contact Mrs. Johnson through February 2019 seeking to confirm whether a settlement had been reached and ultimately demanded payment of ten (10) percent that he believed he was entitled to. On March 4, 2019, Plaintiff filed the instant cause of action alleging breach of contract and unjust enrichment against Mrs. Johnson . . . .

> Plaintiff acknowledged that "[m]ost of Defendant Johnson's very limited actions occurred while in California, where she resided May to October 2017." Mrs. Johnson confirmed that she is a Florida resident and noted that she has not been physically present in Arizona for more than twenty (20) years, with the exception of changing planes at Phoenix Sky Harbor Airport two (2) years ago. Mrs. Johnson's communications with Plaintiff took place while she was in

California, Florida, Illinois, Washington, D.C., or out of the country. Mrs. Johnson's understanding is that the trust at issue, and which was part of her late husband's estate, was established and administered in Georgia, and her stepson, who was the executor of her late husband's estate, resided in Atlanta, Georgia.

(Doc. 32 at 2-3.) Furthermore, Plaintiff believes that "[t]he contract between Sundby and Johnson was formed in California" and confirms that, when formed, "plaintiff was in Oregon with one of his children." (Doc. 19 at 3.) In addition, he admits "[t]he only times Sundby and Johnson met in person were in California." *Id.* at 4. Finally, all communications alleged in the First Amended Complaint occurred through email or text message. (*See* Doc. 10.) In sum, the only alleged facts linking Defendant to Arizona are that: (1) Plaintiff claims he informed Defendant that he lived and worked in Arizona when the contract was made, and (2) most of Plaintiff's performance of the contract occurred in Arizona. (Doc. 19 at 4.)

### III.  PERSONAL JURISDICTION

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)). In Arizona, courts may exercise personal jurisdiction over parties, to the extent that such exercise conforms with Due Process under the Constitution. *See* Ariz. R. Civ. P. 4.2(a). To meet the requirements of Due Process, a non-resident defendant must have "minimum contacts with [a forum state] . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction may be general or specific; each form involves a particularized analysis based on defendant's contacts with the forum state. *See Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010). When the court does not hold an evidentiary hearing on jurisdiction, "the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand a motion to dismiss." *Id. at* 1127 (citation and quotation marks omitted).

///

## IV. GENERAL JURISDICTION

"[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Glencore Grain Rotterdam, B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Plaintiff has not objected to the Magistrate Judge's conclusion that Defendant does not have the minimal contacts with the forum state necessary to satisfy general jurisdictional requirements. Upon review, the Court agrees and finds that it cannot exercise general jurisdiction over the Defendant in this case.

## V. SPECIFIC JURISDICTION

Courts may exercise specific jurisdiction over a case based on that "defendant's forum-related activities." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). Specific jurisdiction requires that "(1) [t]he nonresident defendant . . . do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum . . . , (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[, and] (3) [e]xercise of jurisdiction must be reasonable." *Hunt v. Erie Ins. Grp.*, 728 F.2d 1244, 1247 (1984). It is Plaintiff's burden to meet the first two prongs; if not, then jurisdiction has not been established in Arizona. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

### a. Purposeful Availment

For contract disputes, the courts decide whether there is personal jurisdiction by determining "whether defendant [has] purposefully avail[ed] itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc. v. La Lingue Contra Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). The Plaintiff does not object to the Magistrate Judge's determination that Defendant did not purposefully avail herself of the forum state simply by corresponding with the Plaintiff who resided within

1    Arizona. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the

2    only link between the defendant and the forum."). The Court agrees with the Magistrate

3    Judge's finding that Defendant's actions did not constitute purposeful availment, and the

4    Court will not exercise jurisdiction on this basis.

5                    *b.  Purposeful Direction*

6            Unlike contract disputes, to evaluate specific jurisdiction for cases arising from

7    torts, the courts "typically inquire whether a defendant purposefully direct[ed] his

8    activities at the forum state." *See Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d

9    668, 672-73 (9th Cir. 2012) (internal quotation marks omitted). Purposeful direction is

10   analyzed under the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). *Id.*

11   "[Under] *Calder*, the 'effects' test requires that the defendant allegedly have (1)

12   committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm

13   that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*,

14   374 F.3d at 803 (alteration in original).

15           Plaintiff argues that the Magistrate Judge erroneously concluded that Defendant

16   had not directed her actions towards Arizona and thus, this Court did not have

17   jurisdiction over Defendant. (Doc. 33 at 1-2.) Plaintiff claims this error was because the

18   Magistrate Judge employed the wrong standard, and under *Washington Shoe Co.*, 704

19   F.3d at 668, to determine purposeful direction, the Court must consider whether the

20   defendant's actions were *felt* within the forum state, not whether the actions *occurred*

21   within the forum state. (Doc. 33 at 2.) The Court assumes, though it is not articulated in

22   the objection, that Plaintiff is claiming that three factors show Defendant's actions were

23   intended to have an effect in Arizona: (1) Defendant knew that Plaintiff lived in Arizona;

24   (2) Defendant emailed and texted correspondence to Plaintiff while he was living there,

25   and (3) Plaintiff performed a large portion of the contract while in Arizona.

26           Plaintiff's argument is misguided. The test for purposeful direction does require

27   that the actions be felt in the forum state, but this does not negate the necessity that

28   Defendant's actions are intentionally aimed at the forum state. In this case, the facts

alleged do not show Defendant's actions were aimed at Arizona.

First, Plaintiff's residence alone does not compel jurisdiction over a non-forum defendant. The Ninth Circuit has noted, "a tort must involve the forum state itself, and not just have some effect on a party who resides there." *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1145 (9th Cir. 2017); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) ("the existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident.").

Nor does the fact that Defendant emailed and texted Plaintiff while he resided in Arizona compel Defendant to answer a claim filed in this Court. "[O]rdinarily, use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985); *Hudnall v. Payne*, 13-CV-04728-WHO, 2014 WL 524079, at *3 (N.D. Cal. Feb. 6, 2014) (same); *see also Johnson v. Mitchell*, No. 2:10-cv-1968 GEB GGH PS, 2013 WL 595218, at *7 (E.D. Cal. Feb. 15, 2013) ("If personal jurisdiction could be established by merely sending an email to anyone, anywhere, the bounds of personal jurisdiction would be nearly limitless.").

Moreover, the Court finds that Defendant sought legal advice personally from Plaintiff, who is not an attorney licensed to provide such advice pursuant to Arizona Supreme Court Rule 31. This personal agreement is insufficient to compel jurisdiction over Defendant. *See Wascher v. Wis. Dep't of Revenue*, 2018 WL 6579911, at *2-3 (D. Or. Dec. 13, 2018) (no jurisdiction over defendants who directed their communications only to plaintiffs, making the injury personal such that it "would follow [them] wherever [they] might choose to live or travel.") (alteration in original); *Domaine Serene Vineyards Winery, Inc. v. Jacob Rieger & Co., Ltd. Liab. Co.*, No. 3:18-cv-01742-JR, 2019 WL 1522881, at *7, *report and recommendation adopted*, 2019 WL 1522877 (D. Or. Mar. 20, 2019) ("the only evidence plaintiff has set forth regarding defendant's connection to the forum are email and telephone communications directed at the [plaintiffs]"; under state and federal "precedent, defendant's actions created a contact with plaintiff specifically,

1    but not sufficiently with the forum to confer personal jurisdiction."). Plaintiff fails to

2    acknowledge that unlike the cases he cites, he is not an entity, nor does he run a legal

3    business in Arizona, and so his injury is personal and not directed towards the state.

4         Notably, Defendant's knowledge that Arizona was Plaintiff's state of residence

5    does not change the Court's analysis. "[F]orseeability of injury in a forum 'is not a

6    sufficient benchmark for exercising personal jurisdiction." *Axiom Foods, Inc. v.*

7    *Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). For purposeful direction, "[a]

8    tort must involve the forum state itself, and not just have some effect on a party who

9    resides there." *Morrill*, 873 F.3d at 1145; *see also Tresona Multimedia LLC v. Legg.*, No.

10   CV-14-02141-PHX-DGC, 2015 WL 470228, at *3 (D. Ariz. Feb. 4, 2015) ("[P]ersonal

11   jurisdiction does not exist merely because a defendant engages in wrongful conduct

12   targeted at a plaintiff whom the defendant knows to be located in a particular state[.]").

13   Other than the alleged knowledge of Plaintiff's residence, there is no evidence indicating

14   that Defendant's actions were expressly aimed at Arizona.

15        Finally, the purposeful direction analysis does not depend on Plaintiff's actions,

16   but on Defendant's. Defendant's performance of the contract in Arizona is inapposite to

17   the determination of purposeful direction. For jurisdiction, the relationship must arise out

18   of the contacts that the "'defendant *himself*' creates with the forum State." *Walden*, 134

19   S. Ct. at 1121-22 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))

20   (emphasis in original)).

21        In sum, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has

22   failed to demonstrate the District of Arizona has either general or specific jurisdiction

23   over the Defendant, and therefore it cannot hail Defendant into court to answer Plaintiff's

24   allegations.

25   **VI.    VENUE**

26        Plaintiff next argues that the Magistrate Judge erred when he did not recommend

27   transferring this matter because he determined that the instant suit was retaliatory and that

28   jurisdiction in the Southern District of California was questionable. (Doc. 33 at 3-4.)

1  Plaintiff claims because he has shown (1) that Defendant purposefully directed her
2  actions to the forum state, and (2) that his actions were not retaliatory, the Court should
3  either permit this case to proceed or transfer it to the Southern District of California. *Id.*
4  However, as stated previously, Plaintiff has not established jurisdiction in this Court.
5  Furthermore, the Magistrate Judge's recommendation was not merely based on the
6  reasons stated by Plaintiff but founded on multiple factors to which the Court agrees.

7      The R&R provided four reasons why transfer of venue was inappropriate: (1)
8  Plaintiff did not have a good faith basis for filing his claim in this jurisdiction; (2) filing
9  immediately after Defendant filed for declaratory judgment in Florida suggested the
10 instant claim was retaliatory; (3) Plaintiff would not be prejudiced if the Court declined to
11 transfer this matter, for he had ample time to refile in another jurisdiction; and (4) even if
12 transferred, it is unclear whether jurisdiction in the Southern District of California would
13 be proper. (Doc. 32 at 9.)

14     The district court, in its discretion may transfer a matter to "any district or division
15 in which it could have been brought" when "it be in the interest of justice." *Wood v.*
16 *Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983); *see* 28
17 U.S.C. § 1406(a). Several factors may be weighed to decide whether to transfer or
18 dismiss a claim brought in an incorrect forum, including: (1) a plaintiff's bad faith; (2)
19 the likelihood that the claim is retaliatory or used to forum shop; (3) frivolousness; (4) or
20 futility of transfer. *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, 2008 WL
21 691851, at *5 (N.D. Cal. Mar. 12, 2008) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th
22 Cir. 1992).

23     First, the Court agrees with the Magistrate Judge that this claim is unrelated to
24 Arizona and filing in this forum can be taken construed as bad faith or in retaliation for
25 Defendant's attempt to seek a declaration of her rights under the alleged contract in
26 Florida. Second, Plaintiff is not subject to any immediate bar to refiling in California due
27 to the statute of limitations. Finally, the Court believes that it is likely that the claim, even
28 if transferred, is subject to dismissal given the fact that Plaintiff is not a licensed attorney,

but was providing legal advice for a contingency fee, therefore transfer would be futile. *See Gerhard v. Stephens*, 442 P.2d 692, 731 (Cal. 1968) ("[A] person illegally contracting to practice law may not recover compensation for his services."); *see also In re Kangarloo*, 250 B.R. 115, 123 (Bankr. C.D. Cal. 2000) ("In California, the unauthorized practice of law "includes legal advice and counsel . . . by which legal rights are secured although such matter may or may not be depending in a court.") (quoting *Baron v. City of Los Angeles*, 469 P.2d 353 (Cal. 1970); *In re Butler's Estate*, 177 P.2d 16, 18 (Cal. 1947) (nonlawyer, identifying as "probate researcher" and acting as middleman by "intervening for profit in the conduct of legal proceedings . . . amounts to commercial exploitation of the legal profession and is contrary to public policy."). The enforceability of such a contract strikes the Court as unlikely, making Plaintiff's claims subject to dismissal. However, regardless of the futility of transfer, the Court finds that the interest of justice weighs in favor of dismissal.

## VII. MOTION TO AMEND

Plaintiff argues that the Magistrate Judge incorrectly denied his motion to amend as futile. (Doc. 33 at 5.) Plaintiff believes that since he has shown that Defendant purposefully directed her actions towards Arizona, the Court should exercise pendant jurisdiction over his contract claims and permit amendment. *Id.* As explained *supra*, Plaintiff has not met his jurisdictional burden, and provides no reason for the Court to believe amendment would cure the deficiencies. The Court will deny the Motion to Amend.

///

///

///

///

///

///

///

Accordingly, **IT IS ORDERED**:

1. Magistrate Judge Macdonald's Report and Recommendation is **ADOPTED**. (Doc. 32.)

2. Defendant Susan Johnson's Motion to Dismiss is **GRANTED**. (Doc. 15.)

3. Plaintiff's Motion to File Second Amended Complaint is **DENIED**. (Doc. 26.)

4. This matter is **DISMISSED** without prejudice for lack of jurisdiction. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 28th day of February, 2020.

Honorable Raner C. Collins
Senior United States District Judge